IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01985-WYD-MJW

ZEILER FARMS, INC.,

    Plaintiff,

v.

ANADARKO E&P COMPANY LP f/k/a RME PETROLEUM COMPANY;
ANADARKO LAND COMPANY f/k/a RME LAND CORP.; and
UNIOIL, INC.

    Defendants.

---

**ORDER**

---

    THIS MATTER came before the Court during a hearing on September 1, 2009 on Defendants' Motion for Entry of Judgment and to Vacate Trial Date [doc. #73], filed May 8, 2009.  Therein, Defendants ask the Court to enter judgment dismissing this case with prejudice, arguing that pursuant to my grant of partial summary judgment on March 31, 2009, no issues remain to be tried.  Plaintiff responded to the Motion on May 28, 2009, and Defendants replied on June 12, 2009.  For the reasons stated herein, the Motion is granted in part and denied in part.

    Trial in this case is set to commence November 22, 2009.  Plaintiff's First Amended Complaint [doc. #24], filed January 9, 2008, contains five claims: 1) "Breach of Contract/Anticipatory Repudiation," 2) "Implied Duty of Good Faith and Fair Dealing," 3) "Accommodation Doctrine," 4) "Violation of C.R.S. § 34-60-127 - The Siting of a Vertical Well and the Cost of Directional Drilling," and 5) "Declaratory Judgment" (this is

entitled the "Six Claim for Relief").  In an order dated March 31, 2009 [doc. #72], I granted Defendants' Motion for Summary Judgment and dismissed with prejudice the Second, Third, and Fourth Claims for Relief, as well as the portion of Plaintiff's First Claim for Relief based on anticipatory repudiation.  Thus, my order left open the portion of the First Claim alleging breach of contract, as well as the declaratory judgment claim.  Defendants argue that my findings in that order resolved all the issues in this case and that the remaining claims should be dismissed.  Because Defendants' requested entry of judgment would require me to dismiss additional claims that I did not dismiss in my summary judgment order, I find their present Motion to be in fact a veiled motion for reconsideration of my findings in that order.

Nonetheless, in the interests of justice, I will grant the Motion to the extent it requests dismissal of Plaintiff's First Claim for Relief for "Breach of Contract/ Anticipatory Repudiation."  The entirety of the claim reads:

> 17. Unioil has threatened to drill oil and gas wells for which it apparently does not intend to pay surface damages according to the terms of the Lease and the Surface Owner's Agreement.
> 18. Unioil's actions constitute a breach of contract, and Plaintiff has been damaged thereby.

(First Am. Compl. 7.)  There is no further elaboration on this claim in the Final Pretrial Order.  I now find that Plaintiff has only pled a breach of contract claim based on anticipatory repudiation and that any other breach of contract claim would not be viable because no drilling has occurred.  Accordingly, I will dismiss the First Claim for Relief in its entirety.

However, I find that Plaintiff's declaratory judgment claim should proceed to trial. Defendants' argument that the declaratory judgment claim does not present an actual controversy is brought for the first time in the context of the present Motion, and I find it inappropriate to address this argument at this late stage in the proceedings. Plaintiff's "Six Claim for Relief" seeks declarations that: 1) "Plaintiff is a third party beneficiary of the Lease," 2) "the accommodation doctrine requires Unioil to drill wells directionally at Unioil's cost," 3) "under the Lease, Unioil is required to pay damages for the value of the Property it occupies as determined by the Court," and 4) "in the absence of payment by Unioil under the lease, PDC and/or Anadarko are required to pay damages under the Surface Owner's Agreement for the value of Property occupied for oil and gas operations as determined by the Court." (First Am. Compl. 10.)

Although Defendants in their motion for summary judgment requested dismissal of all of Plaintiff's claims with prejudice, they made no argument with respect to the declaratory judgment claim. In my order granting the motion, in dismissing the accommodation doctrine claim I explicitly found that "the parties have not requested resolution of any issues concerning the proper interpretation of the terms in the Surface Owner's Agreement, or whether Defendants' conduct has breached those terms." (Order 11.) Then, in dismissing the anticipatory repudiation claim, I found that with respect to both the Lease and the Surface Owner's Agreement, "the parties have not requested interpretation of the agreements . . . ." (Order 14-15.) Thus, during the hearing counsel for Defendant Anadarko mischaracterized my findings with respect to the anticipatory repudiation claim. Other than the dismissal of the accommodation

-3-

doctrine claim, there was nothing in my summary judgment order addressing the declaratory judgment claim.  Defendants now improperly seek a second bite at the apple.

Even if it were appropriate for me to entertain Defendants' arguments in such proximity to trial, I would find that Plaintiff's declaratory judgment claim does present an actual controversy that should proceed to trial.  The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief could be sought." 28 U.S.C. § 2201(a).  As a threshold jurisdictional requirement, "the phrase 'case of actual controversy in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).  The Supreme Court has held, "Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 127 (quoting *Aetna*, 300 U.S. at 240-241) (alteration in original)).  "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)).

At the hearing, counsel for Defendant Unioil, Inc. admitted that although there is currently no definite schedule for drilling to begin, Unioil "would like to drill very soon on the Zeiler property . . . ." Counsel further admitted that "litigation is deterring Unioil from drilling at this time and that it wishes to drill tomorrow, if it can." Counsel stated that with respect to the drilling permits that Unioil has obtained, Unioil will seek any extensions necessary to enable it to drill. I find that the present circumstances present a case of actual controversy meeting the jurisdictional requirements of the Declaratory Judgment Act. Far from constituting a hypothetical state of facts, these admissions by Defendant Unioil that it would start drilling immediately if the case were dismissed present a "substantial controversy of sufficient immediacy and reality" for me to find that I have jurisdiction to issue a declaratory judgment.

However, notwithstanding jurisdiction, the issuance of a declaratory judgment is still an exercise of my discretion. *See MedImmune*, 549 U.S. at 776; *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1248 (10th Cir. 2008). There are a number of factors informing the exercise of discretion, including "equitable, prudential, and policy arguments," as well as "any merits-based arguments for denial of declaratory relief." *MedImmune*, 549 U.S. at 776-777. The Tenth Circuit has also provided the following non-exclusive list of factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of

> "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Surefoot*, 531 F.3d at 1248 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).  I find that I should exercise my discretion to hear the declaratory judgment claim, particularly in light of the Tenth Circuit's first two factors.  A declaratory judgment would settle the controversy between the parties and serve a useful purpose in clarifying the legal relations at issue, by determining the parties' rights under the Surface Owner's Agreement and Lease before Defendants commence drilling.  Accordingly, I will hear the declaratory judgment claim.

Defendants argue that Plaintiff is seeking to expand its claims through its characterization of the remaining issues in its response to the present Motion, specifically by asking the Court to interpret the term "necessary or convenient" in the Surface Owner's Agreement.  As I noted at the hearing, this claim is contained in the Final Pretrial Order, which is the governing document in the case.  The Final Pretrial Order also makes specific references to the Lease.  In any regard, I find that the scope of Plaintiff's declaratory judgment claim is defined by the Final Pretrial Order and the First Amended Complaint, not by Plaintiff's response to the present Motion.  Furthermore, the filings required by my Practice Standards in anticipation of trial should address Defendants' concerns as to a lack of clarity on the issues before the Court at trial.  Finally, I note that because the only remaining claim before the Court is for

declaratory judgment, the trial will proceed as a trial to the Court, as the parties agreed at the hearing.

Based upon the foregoing, it is hereby

ORDERED that Defendants' Motion for Entry of Judgment and to Vacate Trial Date [doc. #73], filed May 8, 2009, is **GRANTED in part and DENIED in part**. It is granted insofar as it requests dismissal of Plaintiff's First Claim for Relief and denied insofar as it requests dismissal of the declaratory judgment claim and entry of judgment. In accordance therewith, it is

ORDERED that Plaintiff's First Claim for Relief is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that the trial scheduled to commence Monday, November 2, 2009 will proceed as a trial to the Court. It is

FURTHER ORDERED that, not later than **Wednesday, September 23, 2009**, the parties shall file those submissions required by Section V of my Practice Standards for a trial to the Court, including proposed findings of fact and conclusions of law, final witness lists, final lists of proposed exhibits, any stipulated or proposed amendments to the Pretrial Order, and a list of issues and/or motions that require resolution prior to, or at, trial. The parties shall meet and confer prior to filing these submissions, so that they may reach agreement to the maximum extent possible.

Dated: September 4, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge