IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01985-WYD-MJW

ZEILER FARMS, INC.,

    Plaintiff,

v.

ANADARKO E & P COMPANY LP f/k/a
RME PETROLEUM COMPANY,
ANADARKO LAND COMPANY f/k/a
RME LAND CORP., and
UNIOIL, INC.,

    Defendants.

## ORDER

THIS MATTER comes before me on Plaintiffs' Motion to Alter or Amend Judgment [ECF No. 108] filed on July 9, 2010. I have also considered Defendants Response [ECF No. 110] filed on July 21, 2010. As set forth below, Plaintiff's motion is denied.

Plaintiff's motion, framed as a motion to alter or amend, fails to identify the rule or statute under which it is filed in violation of D.C.COLO.LCivR 7.1C. Local Rule 7.1C provides that "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated in that motion." D.C.COLO.LCivR 7.1C. In the absence of any specific citations, I will presume that the Motion has been brought pursuant to Fed. R. Civ. P. 59(e).

1

There are three grounds upon which a motion under Rule 59(e) may be granted: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence' ") (quotation and internal quotation marks omitted). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Such a motion is committed to the trial court's discretion. *See Phelps*, 122 F.3d at 1324.

First, Plaintiff argues that I erred in concluding that the Surface Owner's Agreement, rather than the accommodation doctrine (C.R.S. § 34-60-127), controls the standard of use in this case. Plaintiff cites no new evidence or a change in controlling law. Plaintiff, in fact, does not advance any analysis whatsoever, new or old, in support of its argument. Rather, Plaintiff directs the court to review the materials it previously advanced in support of this argument. Plaintiff's repetition of its previous arguments evinces Plaintiff''s misunderstanding of the rules civil procedure. "A motion [under rule 59(e)... may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court." *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F.Supp. 858, 860 (D.Kan. 1994). Moreover, instead of preserving this argument at trial, plaintiff stipulated that well and equipment "locations are governed by the 'necessary or convenient' standard contained in the Surface Owner's Agreement." *See* Pl.'s [Proposed] Findings of Fact and Conclusions of Law [ECF No. 103],

2

p. 6, Stipulated Findings of Fact ¶ 14.  Under the circumstances, Plaintiff has provided no basis for the me to reverse my prior ruling.

Plaintiff also claims I erred in concluding that Section 4.10 of the Restatement (Third) of Property has no application to this case.  See  Pl.'s Mot., p. 2 [ECF No. 108].  Again, Plaintiff cites no new evidence or a change in law to warrant a different result.  Plaintiff simply suggests that I should have ruled differently for the same reasons advanced by Plaintiff in the first instance.  Although this is an improper basis for a Rule 59(e) motion, I note that Plaintiff's argument is as unavailing now as it was on its debut.  The Restatement (Third) expressly precludes its application to oil and gas easements like the Surface Owner's Agreement. Specifically, Section 1.1 of the Restatement (Third) entitled "Servitude Defined: Scope of Restatement" provides:

> Servitudes are used in several specialized areas where the rules and considerations governing their operation are different from those ordinarily applied to the servitudes covered in this Restatement.  Landlord-tenant law, real-property security law, oil and gas law, timber law, and the law governing extraction of other minerals are such specialized areas. No attempt has been made in this Restatement to take account of the special rules and considerations governing servitudes used in those contexts.

Restatement (Third), § 1.1, comment e (2000) (emphasis added).  By its express terms, the text of Section 1.1 of the Restatement (Third) leaves no doubt that application of *all* Restatement (Third) sections to oil and gas is precluded. Thus, Plaintiff has provided no basis to alter or amend my prior determination that Section 4.10 of the Restatement (Third) of Property has no application to this case.

Plaintiff's final contention is that I incorrectly determined that the Surface Owner's Agreement is not ambiguous.  See  Pl.'s Mot., p. 3 [ECF No. 108].  This issue, of course, was the central focus of the trial to the Court.  Plaintiff has offered no new analysis,

3

evidence or any reason whatsoever to revisit this issue. As with the prior to points of error, Plaintiff merely seeks to rehash arguments that I previously considered and rejected. Such arguments do not provide grounds for me to alter or amend the judgment. *All West Pet Supply Co.*, 847 F.Supp. at 860. Accordingly, it is

ORDERED that Plaintiffs' Motion to Alter or Amend Judgment [ECF No. 108] filed on July 9, 2010 is **DENIED**.

Dated this 5th day of August, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE